UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EVA GODFREY,** | ) | **CASE NO. 1:10CV1953** |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **JUDGE SARA LIOI** |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| **MICHAEL J. ASTRUE,** | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

On April 8, 2011, upon the parties' joint motion for entry of judgment with remand, the Court entered an order reversing and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. 405(g). (Doc. 16.) On May 8, 2012, plaintiff's counsel, Marcia W. Margolius, petitioned the Court for an award of $4,252.50 in attorney fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. 18.) Attached to the petition is a Notice of Award from the Social Security Administration setting forth the amount of $23,900.22 withheld from plaintiff's past due benefits for use toward attorney fees. (Doc. 18-1 at 600.) Further, counsel has attached a fee agreement signed by plaintiff, indicating plaintiff's desire that her attorney receive 25% of her retroactive benefits. (Doc. 18-2 at 64.) Also attached to the petition is Ms. Margolius's Service and Time Sheet (Doc. 18 at 589), indicating she expended 12.15 hours in her representation of plaintiff at a rate of $350.00 per hour.

On May 18, 2012, the Commissioner of Social Security filed a response to the petition, indicating that he would not be filing an objection to the motion for attorney fees. (Doc. 19.) Plaintiff has not filed a response or objection to the motion for attorney fees.

Section 406(b)(1) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may … certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). In order to obtain fees pursuant to this statute, an attorney "must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 533 U.S. 789, 807 (2002); *Rodriguez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).

The Court has reviewed plaintiff's motion for fees and finds the amount requested to be reasonable under the circumstances. The amount requested is considerably less than the total amount withheld from plaintiff's award of benefits and is well below the statutory maximum of 25%. Further, neither defendant nor plaintiff objects to the amount of fees, and there has been no showing that counsel's representation was incompetent or ineffective or that the requested award would be a windfall. Accordingly, the motion for attorney fees under § 406(b) is **GRANTED**, and the Court **AWARDS** attorney fees to plaintiff in the amount of $4,252.50, payable directly to plaintiff's counsel at the law firm Margolius, Margolius & Associates, LPA.

**IT IS SO ORDERED**.

Dated: August 27, 2012

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**